Lea F. Alvo-Sadiky
Attorney for Petitioner
National Labor Relations Board
Fourth Region
The Wanamaker Bldg.
100 East Penn Square
Philadelphia, PA 19107
Ph (215) 597-7630

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

* * * * * * * * * * * * * * * * * * * * * * * * * * *

KIMBERLY E. ANDREWS, Regional Director of the     *
Fourth Region of the NATIONAL LABOR     *
RELATIONS BOARD, for and on behalf of the     *
NATIONAL LABOR RELATIONS BOARD,     *
    *
    *
    *
                   Petitioner,     *
    *
               v.     *     Civil No.    2:25-cv-04515
    *
NEW VITAE, INC. d/b/a NEW VITAE     *
WELLNESS AND RECOVERY     *
    *
                   Respondent.     *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

## PETITION FOR INJUNCTION UNDER SECTION 10(j)
## OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

To the Honorable, the Judges of the United States District Court for the Eastern District of

Pennsylvania:

       Comes now, Kimberly E. Andrews, Regional Director of the Fourth Region of the

National Labor Relations Board (herein called the Board), and petitions this Court for and on

behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended

(61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(j)); (herein called the Act), for appropriate

injunctive relief pending the final disposition of the matters involved herein pending before the Board on charges alleging that New Vitae, Inc. d/b/a New Vitae Wellness and Recovery. (herein called Respondent), has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1), (3) and (5) of the Act. In support thereof, Petitioner respectfully shows as follows:

1.      Petitioner is the Regional Director of the Fourth Region of the Board, an agency of the United States, and files this Petition for and on behalf of the Board.

2.       Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act. 29 U.S.C. § 160(j).

3.      (a)      On August 25, 2023, District 1199(C), National Union of Hospital and Health care Employees, AFSCME, AFL-CIO (herein called the Union), pursuant to the provisions of the Act, filed a charge with the Board in Case 04-CA-324629 alleging that Respondent, an employer within the meaning of Section 2(2) of the Act, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act. A copy of the charge in Case 04-CA-324629 is attached hereto as Exhibit 1 and made a part hereof.

(b)      On October 23, 2023, the Union filed a charge in Case 04-CA-328382, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act.  A copy of the charge in Case 04-CA-328382 is attached hereto as Exhibit 2 and made a part hereof.

(c)      On November 8, 2023, the Union filed first amended charge in Case 04-CA-328382, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the charge in Case 04-CA-328382 is attached hereto as Exhibit 3 and made a part hereof.

(d)    On November 4, 2024, the Union filed a second amended charge in Case 04-CA-328382, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the second amended charge in Case 04-CA-328382 is attached hereto as Exhibit 4 and made a part hereof.

(e)    On October 27, 2023, the Union filed a charge in Case 04-CA-328762, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (4) of the Act.  A copy of the charge in Case 04-CA-328762 is attached hereto as Exhibit 5 and made a part hereof.

(f)    On December 4, 2023, the Union filed first amended charge in Case 04-CA-328762, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3), (4) and (5) of the Act.  A copy of the amended charge in Case 04-CA-328762 is attached hereto as Exhibit 6 and made a part hereof.

(g)    On December 13, 2023, the Union filed a second amended charge in Case 04-CA-328762, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3), (4) and (5) of the Act.  A copy of the charge in 0Case 4-CA-328762 is attached hereto as Exhibit 7 and made a part hereof.

(h)    On November 4, 2024, the Union filed a third amended charge in Case 04-CA-328762, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the charge in Case 04-CA-328762 is attached hereto as Exhibit 8 and made a part hereof.

(i)    On August 9, 2024, the Union filed a charge in Case 04-CA-347986, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act.  A copy of the charge in Case 04-CA-347986 is attached hereto as Exhibit 9 made a part hereof.

(j)      On August 26, 2024, the Union filed a first amended charge in Case 04-CA-347986, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the first amended charge in Case 04-CA-347986 is attached hereto as Exhibit 10 and made a part hereof.

(k)      On March 17, 2025, the Union filed a second amended charge in Case 04-CA-347986, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act.  A copy of the second amended charge in Case 04-CA-347986 is attached hereto as Exhibit 11 and made a part hereof.

(l)      On November 4, 2024, the Union filed a charge in Case 04-CA-354024, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the charge in Case 04-CA-354024 is attached hereto as Exhibit 12 and made a part hereof.

(m)      On November 19, 2024, the Union filed a first amended charge in Case 04-CA-354024, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the first amended charge in Case 04-CA-354024 is attached hereto as Exhibit 13 and made a part hereof.

(n)      On December 23, 2024, the Union filed a second amended charge in Case 04-CA-354024, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the second amended charge in Case 04-CA-354024 is attached hereto as Exhibit 14 and made a part hereof.

(o)    On March 17, 2025, the Union filed a third amended charge in Case 04-CA-354024, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the third amended charge in Case 04-CA-354024 is attached hereto as Exhibit 15 and made a part hereof.

4.    On April 8, 2025, based upon the charges in Cases 04-CA-324629, 04-CA-328382, 04-CA-328762, 04-CA-347986, and 04-CA-354024 referred to above, the General Counsel of the Board, on behalf of the Board, by Petitioner, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing (herein, the Complaint), pursuant to Section 10(b) of the Act, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.  A copy of the Complaint is attached hereto as Exhibit 16 and made a part hereof.

5.    On April 22, 2025, Respondent, by its Counsel, filed an Answer to the Complaint. A copy of the Answer is attached as Exhibit 17.

6.    An administrative hearing on the allegations contained in the Complaint was held before Administrative Law Judge Paul Bogas on May 20 and 21, 2025, on which dates witness testimony and documentary evidence was adduced, including evidence bearing upon the merits of the Complaint allegations and the equitable factors underlying the need for injunctive relief.

7.    Based upon the evidence adduced at the administrative hearing as described above, there is a strong likelihood that the allegations set forth in Petitioner's Complaint are true, and that Respondent has committed serious violations of Section 8(a)(1), (3),  and (5) of the Act, as alleged therein.[1]  Specifically, the record establishes the likelihood that the Board

---

[1] For reasons relating to both efficiency and efficacy, there are allegations from the Complaint that were intentionally excluded from this Petition for an Injunction. As such, the procedural history described herein relates only to allegations specifically raised in this Petition for Injunction and does not present all complaint allegations pursued by Counsel for the Acting General Counsel in the underlying Complaint.

will find that Respondent violated Section 8(a)(1), (3) and (5) of the Act affecting commerce within the meaning of Section 2(6) and (7) of the Act.  More particularly, in support thereof, and of the request for injunctive relief herein, Petitioner, upon information and belief, shows as follows:

(a)    At all material times, Respondent has been a corporation with an office and place of business in Limeport, Pennsylvania, and has been engaged in operating residential behavioral health treatment facilities in Pennsylvania, including those located at 5644 Walnut Street, 5646 Walnut Street, and 1909 South 6ᵗʰ Street in Philadelphia, Pennsylvania (collectively, Respondent's Philadelphia facilities).

(b)    During the past year, Respondent, in conducting its operations described above in subparagraph (a), derived gross revenues in excess of $250,000, and purchased goods and materials valued in excess of $5,000 directly from points outside the Commonwealth of Pennsylvania.

(c)    At all material times, Respondent has been an Respondent engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, and has been a health-care institution within the meaning of Section 2(14) of the Act.

(d)    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(e)    At all material times, the following individuals have held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Adam Devlin | - | Owner and Chair of the Board of Directors |
| Judith Yanacek | - | President |
| Michelle Beck | - | Chief Financial Officer |
| Samantha Perch | - | Director of Human Resources (until about July 16, |

|  |  | 2023); |
|  |  | Human Resources Program Partner (since about July 16, 2023) |
| Maribel Poretta | - | Director of Human Resources (since about July 16, 2023) |
| Taliah Mason | - | Director of Wellness |
| Samara Speakes | - | Administrator |
| Yardley Georges | - | Human Resource Generalist Representative |

      (f)    At all material times, the following individuals have been agents of Respondent within the meaning of Section 2(13) of the Act:

      (i)    Kimberly Wiseman – Consultant, McCloskey Partners, LLC;

      (ii)   Respondent's labor counsel

      (g)    The following employees of Respondent (the Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time, regular part-time, and per-diem Registered Nurses employed by the Respondent at its facilities located at 5644 Walnut Street, 5646 Walnut Street, and 1909 South 6th Street in Philadelphia, Pennsylvania, excluding all other employees, office clerical employees, confidential employees, managerial employees, guards and supervisors as defined by the Act.

      (h)    On March 16, 2023, a representation election was conducted among the employees in the Unit and, on May 5, 2023, the Union was certified as the exclusive collective-bargaining representative of the Unit.

      (i)    At all times since March 16, 2023, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

      (j)    About November 1, 2024, Respondent:

      (i)    Laid off Unit employees; and

       (ii)       Subcontracted the work previously performed by the Registered Nursesi in the Unit to contractors U.S. Medical Staffing, LLC and Two Magnets, Inc. d/b/a Clipboard Health.

       (iii)      Respondent engaged in the conduct described above in subparagraphs (i) and (ii) because Unit employees formed, supported and assisted the Union and engaged in concerted activities, and to discourage other employees from engaging in these activities.

       (iv)      The subjects set forth in subparagraphs (i) and (ii) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

       (v)      Respondent engaged in the actions described above in subparagraphs (i) and (ii) without prior notice to the Union, and without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

       (k)      By the conduct described above in paragraphs j(i) through j(iii), Respondent has been discriminating in regard to the hire or tenure of terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

       (l)      By the conduct described above in paragraphs j(i), (j(ii), (j(iv) and j(v), Respondent has been failing and refusing to bargain in collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

       (m)      The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

8.      Upon information and belief, it may be fairly anticipated that, unless restrained, Respondent will continue its aforesaid unlawful acts and conduct in violation of Section 8(a)(1), (3), and (5) of the Act.

9.      Respondent's unfair labor practices described above in paragraph 7, have irreparably harmed, and are continuing to harm, employees of Respondent in the exercise of rights guaranteed to them by Section 7 of the Act (29 U.S.C. § 157). More specifically, Respondent's unfair labor practices have caused the following harm:

(a)  As a result of Respondent's failure and refusal to bargain with the Union, the Union's employee support will be irreparably undermined.

(b)  As a result of Respondent's failure and refusal to bargain with the Union, the employees will be deprived of the benefits of collective bargaining.

10.     Upon information and belief, unless the continuation or repetition of the above described unfair labor practices is restrained, a serious failure of enforcement of important provisions of the Act, and of the public policy embodied in the Act, will result before an ultimate order of the Board can issue.

11.     Unless injunctive relief is immediately obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights, a harm which cannot be remedied in due course by the Board.

12.     There is no adequate remedy at law for the irreparable harm caused by Respondent's unfair labor practices, described above in paragraph 7.

13.     Unless Respondent's unfair labor practices described above in paragraph 7 are immediately enjoined and restrained, Respondent will continue to engage in those acts and conduct, or similar acts and conduct constituting unfair labor practices during the proceedings before the Board and during any subsequent proceedings before a United States Court of

Appeals, with the predictable result that important provisions of the Act and of public policy will be thwarted before Respondent can be placed under legal restraint through the regular procedure of a Board order and enforcement decree, seriously interfering with, restraining, and coercing employees of the Respondent in the exercise of their rights under Section 7 of the Act. Further, it may be fairly anticipated that by the time a Board order can be obtained against Respondent, it will not be possible to restore the pre-unfair labor practice status quo.

14.    Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent.

15.    In balancing the equities in this matter, if injunctive relief as requested is not granted, the harm to the employees involved, the purposes of the Act, and the public interest, would clearly outweigh any harm that the grant of such injunctive relief would cause Respondent.

16.    Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate, just and proper, for the purposes of effectuating the policies of the Act and of avoiding substantial, irreparable and immediate injury to such policies, to employees, and to the public interest, and in accordance with Section 10(j) of the Act, that, pending the final disposition of the matters involved herein pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct described herein, similar or related acts or conduct or repetitions thereof, and also be ordered to take the affirmative action set forth below.

**WHEREFORE**, Petitioner prays:

That the Court enter an order directing Respondent, New Vitae, Inc., d/b/a New Vitae Wellness and Recovery to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining

Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns and all persons acting in concert or participation with it or them, pending final disposition of the matters involved herein pending before the Board, from, in any manner or by any means, as follows:

1.      Cease and desist from:

(a)     Unilaterally subcontracting bargaining unit work and laying off bargaining unit employees without bargaining with the Union to agreement or good faith impasse in the following bargaining unit (the Unit):

> All full-time, regular part-time, and per-diem Registered Nurses employed by the Respondent at its facilities located at 5644 Walnut Street, 5646 Walnut Street, and 1909 South 6th Street in Philadelphia, Pennsylvania, excluding all other employees, office clerical employees, confidential employees, managerial employees, guards and supervisors as defined by the Act.

(b)     Subcontracting bargaining unit work and laying off bargaining unit employees because of employees' Union activity;

(c)     In any other manner, unlawfully interfering with, restraining, or coercing employees in the rights guaranteed them under Section 7 of the Act.

2.      That the Court enter an order directing Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns and all persons acting in concert or participation with it or them, pending final disposition of the matters involved herein pending before the Board, to take the following affirmative actions:

(a)     Bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit employees over any lawful decision to subcontract bargaining unit work until the parties reach agreement or a good faith impasse;

(b)     Before implementing any changes in wages, hours, or other terms and conditions of employment of unit employees, notify and, on request, bargain in good faith with the Union as the exclusive collective-bargaining representative of employees in the bargaining unit;

(c)     Within (5) days of the District Court's Injunction Order, restore the full-time, regular part-time, and per diem registered nurse work at its Philadelphia facilities as it existed on October 31, 2024;

(d)     Within (5) days of the District Court's Injunction Order, offer, in writing, interim reinstatement to all members of the bargaining unit who worked for Respondent as of November 1, 2024 to their former positions of employment or, if those positions no longer exist, to substantially equivalent positions at Respondent's Philadelphia locations, displacing, if necessary, any employees or contractors who may have been hired or reassigned to replace them, without prejudice to their seniority or any other rights or privileges they previously enjoyed;

(e)     Within seven (7) days, post physical copies of the District Court's Injunction Order setting forth the relief granted at the three Philadelphia facilities in English, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 4, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically posts notices to its employees; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to

agents of the Board reasonable access to each worksite to monitor compliance with this posting requirement;

(f)     Within seven (7) days, distribute electronic copies of the District Court's Injunction Order specifying the relief granted, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 4, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, to all unit employees employed by Respondent as of November 1, 2024, and all unit employees currently employed, via email, and all other intranet or internet sites or apps that Respondent uses to communicate with employees;

(g)     Within fifteen (15) days, convene one or more mandatory meetings, on working time and at times when the Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at each of the three facilities where unit employees work, during which the District Court's Injunction Order specifying the relief granted will be read to the Unit employees by a responsible Respondent official in the presence of a Board agent, or at Respondent's option, by a Board agent in the presence of a responsible Respondent official. Respondent shall also afford the Union, through the Regional Director, reasonable notice and opportunity to have a representative present when the Injunction Order is read to employees. Interpreters shall be made available for any individual whose language of fluency is other than English at Respondent's expense. Respondent shall announce the meeting(s) for the Injunction Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions.

Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise;

(h)     Within twenty-one (21) days of the issuance of the District Court's Injunction Order, file with the District Court and submit a copy to the Regional Director of Region 4 of the Board, a sworn affidavit from a responsible official of Respondent setting forth, with specificity, the manner in which Respondent has complied with the terms of the District Court's Injunction Order, including how and where it has posted the documents required by the Court's decree, and the date(s), time(s), and location(s) that the Injunction Order specifying the relief granted was read to employees and by whom, as required by the Court;

(i)     This Order shall expire six months from the date of its issuance; provided however, that Petitioner may, upon motion, request a thirty day extension of this Order if it appears that the decision of the Board's administrative law judge in the underlying unfair labor practice complaint in NLRB Cases 04-CA-354024, et al. is imminent; provided further, that after the issuance of said decision of the administrative law judge, upon motion of Petitioner, this Order may be extended, pending the Boards final decision, for an additional period not to exceed six months from the date of the administrative law judge's decision; provided further, that Petitioner may, upon motion, request an additional thirty day extension of this Order, if it appears that the final decision of the Board on the underlying unfair labor practice complaint is imminent.

3.     That upon return of the order to show cause, the Court issue an order enjoining and restraining Respondent in the manner set forth above.

4.     That the Court grant such further and other relief as may be just and proper.

     5.      That the Court grant expedited consideration to this petition, consistent with 28

U.S.C. § 1657(a) and the remedial purposes of Section 10(j) of the Act.


     Signed at Philadelphia, Pennsylvania this  7th day of  August, 2025.


                       s/ Kimberly Andrews                       

                      **KIMBERLY E. ANDREWS**
                      Regional Director, Region Four
                      National Labor Relations Board

WILLIAM COWEN
     Acting General Counsel

KAYCE R. COMPTON,
     Associate General Counsel

EMILY DESA,
     Regional Attorney, Region Four


    s/Lea F. Alvo-Sadiky                 
LEA F. ALVO-SADIKY
Attorney for the Petitioner
National Labor Relations Board, Region Four
The Wanamaker Building
100 East Penn Square, Suite 403
Philadelphia, Pennsylvania 19107
Telephone: 215-597-7630
Fax (215) 597-7658
lea.alvo-sadiky@nlrb.gov
Attorney I.D. PA 92378