UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY E. ANDREWS, Regional Director of the Fourth Region of the NATIONAL LABOR RELATIONS BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br>v.<br><br>NEW VITAE, INC. d/b/a NEW VITAE WELLNESS AND RECOVERY<br><br>Respondent. | Civil No.  2:25-cv-04515 |

**ORDER GRANTING TEMPORARY INJUNCTION**

This cause came to be heard upon the verified Petition of Kimberly E. Andrews, Regional Director of the Fourth Region of the National Labor Relations Board, (herein the "Board"), for and on behalf of the Board, for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., as amended, pending the final disposition of the matters involved, herein pending before the Board, and upon the issuance of an Order to Show Cause why injunctive relief should not be granted as prayed in the Petition. The Court, upon consideration of the pleadings, evidence, memoranda, argument of counsel, and the entire record in the case, has made and filed its Findings of Fact and Conclusions of Law, finding and concluding that there is reasonable cause to believe that Respondent has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1), (3), and (5) of the Act, affecting commerce within the meaning of Section 2(2), (6) and (7) of the Act, and that such acts and conduct will likely be repeated or continued unless enjoined.

Now, therefore, upon the entire record, it is:

**ORDERED, ADJUDGED AND DECREED** that, pending the final disposition of the matters involved herein pending before the Board, Respondent New Vitae, Inc. d/b/a New Vitae Wellness And Recovery, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or with them, be and they hereby are enjoined and restrained from:

(a) Unilaterally subcontracting bargaining unit work and laying off bargaining unit employees without bargaining with the Union to agreement or good faith impasse in the following bargaining unit (the Unit):

> All full-time, regular part-time, and per-diem Registered Nurses employed by the Respondent at its facilities located at 5644 Walnut Street, 5646 Walnut Street, and 1909 South 6th Street in Philadelphia, Pennsylvania, excluding all other employees, office clerical employees, confidential employees, managerial employees, guards and supervisors as defined by the Act.;

(b) Subcontracting bargaining unit work and laying off bargaining unit employees because of employees' Union activity;

(c) In any other manner, unlawfully interfering with, restraining, or coercing employees in the rights guaranteed them under Section 7 of the Act.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pending the final disposition of the matters involved pending before the National Labor Relations Board, Respondent, New Vitae, Inc. d/b/a New Vitae Wellness And Recovery, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or with them, shall take the following affirmative action:

(a) Bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit employees over any lawful decision to subcontract bargaining unit work until the parties reach agreement or a good faith impasse;

(b) Before implementing any changes in wages, hours, or other terms and conditions of employment of unit employees, notify and, on request, bargain in good faith with the Union as the exclusive collective-bargaining representative of employees in the bargaining unit;

(c) Within (5) days of the District Court's Injunction Order, restore the full-time, regular part-time, and per diem registered nurse work at its Philadelphia facilities as it existed on October 31, 2024;

(d) Within (5) days of the District Court's Injunction Order, offer, in writing, interim reinstatement to all members of the bargaining unit who worked for the employer as of November 1, 2024 to their former positions of employment or, if those positions no longer exist, to substantially equivalent positions at the Respondent's Philadelphia locations, displacing, if necessary, any employees or contractors who may have been hired or reassigned to replace them, without prejudice to their seniority or any other rights or privileges they previously enjoyed;

(e) Within seven (7) days, post physical copies of the District Court's Injunction Order setting forth the relief granted at the three Philadelphia facilities in English, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 4, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically posts notices to its employees; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said

postings; and grant to agents of the Board reasonable access to each worksite to monitor compliance with this posting requirement;

(f) Within seven (7) days, distribute electronic copies of the District Court's Injunction Order specifying the relief granted, as well as translations in other languages as necessary to ensure effective communication to Employer's employees as determined by the Board's Regional Director of Region 4, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, to all unit employees employed by the Respondent as of November 1, 2024, and all unit employees currently employed, via email, and all other intranet or internet sites or apps that Respondent uses to communicate with employees;

(g) Within fifteen (15) days, convene one or more mandatory meetings, on working time and at times when Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at each of the three facilities where unit employees work, during which the District Court's Injunction Order specifying the relief granted will be read to the Unit employees by a responsible Respondent official in the presence of a Board agent, or at Respondent's option, by a Board agent in the presence of a responsible Employer official. Respondent shall also afford the Union, through the Regional Director, reasonable notice and opportunity to have a representative present when the Injunction Order is read to employees. Interpreters shall be made available for any individual whose language of fluency is other than English at Respondent's expense. Respondetn shall announce the meeting(s) for the Injunction Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same

reading shall take place under the same conditions. Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise;

(h) Within twenty-one (21) days of the issuance of the District Court's Injunction Order, file with the District Court and submit a copy to the Regional Director of Region 4 of the Board, a sworn affidavit from a responsible official of Employer setting forth, with specificity, the manner in which Respondent has complied with the terms of the District Court's Injunction Order, including how and where it has posted the documents required by the Court's decree, and the date(s), time(s), and location(s) that the Injunction Order specifying the relief granted was read to employees and by whom, as required by the Court

(i) This Order shall expire six months from the date of its issuance; provided however, that Petitioner may, upon motion, request a thirty day extension of this Order if it appears that the decision of the Board's administrative law judge in the underlying unfair labor practice complaint in NLRB Cases 04-CA-32429, et al. is imminent; provided further, that after the issuance of said decision of the administrative law judge, upon motion of Petitioner, this Order may be extended, pending the Boards final decision, for an additional period not to exceed six months from the date of the administrative law judge's decision; provided further, that Petitioner may, upon motion, request an additional thirty day extension of this Order, if it appears that the final decision of the Board on the underlying unfair labor practice complaint is imminent.

Done at Philadelphia, Pennsylvania, this \_\_\_\_ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE
District Court for the Eastern District of Pennsylvania