```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY E. ANDREWS            :        CIVIL ACTION
                               :
         v.                    :
                               :
NEW VITAE, INC. d/b/a NEW      :        NO. 25-4515
VITAE WELLNESS AND RECOVERY    :
```

ORDER GRANTING TEMPORARY RELIEF

AND NOW, this 27th day of January 2026, based on the foregoing findings of fact and conclusions of law and pending the final disposition of the matters involved herein before the National Labor Relations Board, it is hereby ORDERED that Respondent New Vitae, Inc. d/b/a New Vitae Wellness And Recovery, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or with them:

(1) are enjoined and restrained from:

(a) Unilaterally subcontracting bargaining unit work and laying off bargaining unit employees without bargaining with District 1199C, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO (the "Union") to agreement or good faith impasse in the following bargaining unit:

> All full-time, regular part-time, and per-diem Registered Nurses employed by the Respondent at its facilities located at 5644 Walnut Street, 5646 Walnut Street, and 1909 South 6th Street in Philadelphia, Pennsylvania, excluding all other employees, office clerical employees, confidential

        employees, managerial employees, guards and supervisors as defined by the Act.;

        (b)  Subcontracting bargaining unit work and laying off bargaining unit employees because of employees' Union activity;

        (c)  In any other manner, unlawfully interfering with, restraining, or coercing employees in the rights guaranteed them under Section 7 of the Act.

    (2)  <u>shall take the following affirmative action</u>:

        (a)  Bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit employees over any lawful decision to subcontract bargaining unit work until the parties reach agreement or a good faith impasse;

        (b)  Before implementing any changes in wages, hours, or other terms and conditions of employment of unit employees, notify and, on request, bargain in good faith with the Union as the exclusive collective-bargaining representative of employees in the bargaining unit;

        (c)  Within five (5) business days of this court's Order, offer restoration of employment to the full-time, regular part-time, and per diem registered nurses at its Philadelphia facilities as it existed on October 31, 2024;

        (d)  Within five (5) business days of this court's Order, offer, in writing, interim reinstatement to all

members of the bargaining unit who worked for the employer as of November 1, 2024 to their former positions of employment or, if those positions no longer exist, to substantially equivalent positions at the Respondent's Philadelphia locations, displacing, if necessary, any employees or contractors who may have been hired or reassigned to replace them, without prejudice to their seniority or any other rights or privileges they previously enjoyed;

    (e)  Within seven (7) business days, post physical copies of this court's Order setting forth the relief granted at the three Philadelphia facilities in English, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 4, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically posts notices to its employees; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to each worksite to monitor compliance with this posting requirement;

    (f) Within seven (7) business days, distribute electronic copies of this court's Order specifying the relief granted, as well as translations in other languages as necessary to ensure effective communication to Employer's employees as determined by the Board's Regional Director of Region 4, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, to all unit employees employed by the Respondent as of November 1, 2024, and all unit employees currently employed, via email, and all other intranet or internet sites or apps that Respondent uses to communicate with employees;

    (g) Within fifteen (15) days, convene one or more mandatory meetings, on working time and at times when Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at each of the three facilities where unit employees work, during which this court's Order specifying the relief granted will be read to the Unit employees by a responsible Respondent official in the presence of a Board agent, or at Respondent's option, by a Board agent in the presence of a responsible Employer official. Respondent shall also afford the Union, through the Regional Director, reasonable notice and opportunity to have a representative present when this court's Order is read to employees. Interpreters shall be made available for any individual whose

language of fluency is other than English at Respondent's expense. Respondent shall announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions.  Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise;

        (h)  Within twenty-one (21) days of the issuance of this court's Order, file with this court and submit a copy to the Regional Director of Region 4 of the Board, a sworn affidavit from a responsible official of Employer setting forth, with specificity, the manner in which Respondent has complied with the terms of this court's Order, including how and where it has posted the documents required by the court's decree, and the date(s), time(s), and location(s) that the Order specifying the relief granted was read to employees and by whom, as required by the court.

        BY THE COURT:

        /s/   Harvey Bartle III
                      J.